UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PETER G. VICARI, ET AL                         CIVIL ACTION

VERSUS                                         NO. 12-2192

FEDERAL EMERGENCY MANAGEMENT                   SECTION "C" (2)
AGENCY, ET AL

ORDER AND REASONS[1]

Before the Court is a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and/or 12(b)(1), and a Motion for Summary Judgment by Defendants, Federal Emergency Management Agency ("FEMA") and William Craig Fugate. Plaintiffs, Peter G. Vicari and Barbara Vicari, oppose this motion. The motion is before the Court on the briefs without oral argument. After reviewing the memoranda of the parties, the record in the case and the applicable law, the Court GRANTS summary judgment as set forth below.

**I. Background**

Plaintiffs hold a Standard Flood Insurance Policy ("SFIP") pursuant to the U.S. Government's National Flood Insurance Program ("NFIP"), which is administered by FEMA. The SFIP was in effect on August 28, 2011 when a tropical storm caused severe flooding and damage throughout the area of Southwest Louisiana. Plaintiffs sued FEMA for allegedly failing to fully and fairly compensate Plaintiffs for all flood damages as provided for under the NFIP. Plaintiffs also alleged that FEMA acted in bad faith and breached the insurance policy by refusing to pay, and Plaintiffs seek bad faith damages pursuant to Louisiana Revised Statutes 22:658 and 22:1220 against

---

[1] Jennifer Watkins, a third-year student at Tulane University Law School, assisted in the preparation of this Order and Reasons.

Defendants. It is undisputed that Plaintiffs filed a Proof of Loss on November 4, 2011 and December 12, 2011, both more than 60 days after the loss.

## II. Law and Analysis

### a. Standard of Review

Summary judgment is only proper when the record indicates that there is not a genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. Civ. P. 56. A genuine issue of fact exists only if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.* 477 U.S. 242, 247-48 (1986); *see also*, *Taita Chem. Co. v. Westlake Styrene Corp.*, 246 F.3d 377, 385 (5th Cir. 2001). When considering a motion for summary judgment, this Court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986).

### b. Plaintiff's Claims

Defendants move for summary judgment primarily on the grounds that proper compliance with submitting the Proof of Loss is a prerequisite before a SFIP claim can be considered. One requirement is that the Proof of Loss must ordinarily be submitted within 60 days of the loss, unless there is an express and written waiver.[2] 44 C.F.R. § 61, App. A(1) Art. VII(D) and VII(J)(4). "Payments on SFIP claims come ultimately from the federal treasury." *Wright v. Allstate Ins. Co. (Wright I)*, 415 F.3d 384, 386 (5th Cir. 2005); *see Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998). Because the federal treasury is implicated in the payment of flood claims, the provisions of a SFIP must be strictly construed and enforced. *Wright I*, 415 F.3d at 387; *Gowland*, 143 F.3d at 954; *Hamide v. Omaha Prop. & Cas. Ins. Co.*, No. Civ.A. 03-1405, 2004 WL 74316, at *2 (E.D.La.

---

[2] Plaintiffs do not argue the existence of any such express or written waiver.

Jan. 14, 2004)(Fallon, J.)("Failure to [strictly] construe runs afoul of the Appropriations Clause of the United States Constitution."). "Under the Appropriations Clause of the Constitution, '[m]oney may be paid out only through an appropriation made by law; in other words, the payment of money from the Treasury must be authorized by a statute.'" *Wright I*, 415 F.3d at 387 (quoting *Office of Pers. Mgmt. v. Richmond*, 496 U.S. 414, 424, 110 S.Ct. 2465, 2471, 110 L.Ed.2d 387, 399 (1990)). Therefore, "[w]here federal funds are implicated, the person seeking those funds is obligated to familiarize himself with the legal requirements for receipt of such funds." *Id.* at 388 (citing *Heckler v. Cmty. Health Servs. of Crawford County, Inc.*, 467 U.S. 51, 63, 104 S.Ct. 2218, 2226, 81 L.Ed.2d 42, 54 (1984)).

Under an SFIP, compliance with the policy is required before a suit can be initiated. 44 C.F.R. §61 App. A(1), Art. VII(R). This includes the proof of loss requirement. *See Marseilles Homeowners Condominium Ass'n Inc. v. Fidelity Nat. Ins. Co.*, 542 F.3d 1053, 1055 (5th Cir. 2008). This is a strict requirement. *Id.* at 1056. As Plaintiffs did not file a timely proof of loss, there is no recovery owed.

Plaintiffs assert they were led to believe by their adjuster that they first had to prove that home repairs from prior storms had been made prior to August 28, 2011. Furthermore, Plaintiffs assert that when they received the first Proof of Loss from their adjuster, they believed the amounts to be incorrect and attempted to contact the adjuster, but their phone call was not returned until the end of October. However, the SFIP does not require the adjuster to furnish the policyholder with the Proof of Loss form or help the policyholder complete it. 44 C.F.R. § 61, App. A(1) Art. VII(J)(7). The SFIP also states that the amount of loss submitted on the Proof of Loss form is to be made based on the policyholder's judgment. 44 C.F.R. § 61, App. A(1) Art. VII(J)(5). Furthermore, there is no evidence during this time that the Plaintiffs received an express or written waiver of the

Proof of Loss requirement or attempted to secure one when the 60-day deadline was approaching. Finally, Plaintiffs' SFIP was part of the Repetitive Loss program meaning that their dwelling had incurred multiple losses and they had made multiple claims. This offers further evidence that the plaintiffs should have been aware of the requirements to make a claim, as is required of all policyholders.

Accordingly,

IT IS ORDERED that the motion for summary judgment filed by the defendants is GRANTED. (Rec. Doc. 12).

New Orleans, Louisiana this 11th day of September, 2013.

**HELEN G. BERRIGAN**
**UNITED STATES DISTRICT JUDGE**